IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff    )
                                 )
vs.                              )        No. CR-07-93-C
                                 )
DANIELLE LARAY BAKER,            )
                                 )
                    Defendant    )

<u>MEMORANDUM OPINION AND ORDER</u>

Defendant filed a Motion to Suppress Statements, arguing her statements to law enforcement officers were made while she was in the functional equivalent of custody and were involuntary.  As required by 18 U.S.C. § 3501(a); <u>Jackson v. Denno</u>, 378 U.S. 368 (1964); and <u>United States v. Miller</u>, 987 F.2d 1462 (10th Cir. 1993), on August 8, 2007, the Court held a hearing to consider the voluntariness of Defendant's statements and whether those statements may be admitted at trial.

Defendant's challenge is directed at two statements, one given at her home on July 9, 2004, and the second given during a polygraph examination on July 14, 2004.  The first issue is whether Defendant was in custody at the time of either statement.  If Defendant was not in custody, there is no obligation on the law enforcement officers to provide any warnings or notice of rights.  <u>Oregon v. Mathiason</u>, 429 U.S. 492, 495 (1977) ("Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'").  The evidence offered at the hearing established that Defendant was not in custody at the time either statement was made.  The July 9, 2004, statement was

made at her home during the investigation into the death of Defendant's daughter.  Defendant was not taken into custody either before or after the statement and when the interview was completed Defendant remained in her home.  The July 14, 2004, statement was made at the tribal affairs building for the Tonkawa Tribe of Oklahoma.  Defendant voluntarily appeared at that location for the purpose of taking a polygraph test.  Defendant was not taken into custody either before or after the statement was made.  Further, prior to beginning the polygraph Defendant signed a consent form asserting the test was being taking voluntarily, that she had the right to not take the test, to stop the test at any time, and the right to refuse to answer any question asked.

Further, there was no evidence even remotely suggesting coercive or threatening actions by law enforcement officers preceding either statement.  In the absence of evidence of coercive police activity, there can be no finding that the confession was not voluntary.  Colorado v. Connelly, 479 U.S. 157, 167 (1986) ("We hold that coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment.").  Indeed, the only issue raised by Defendant to suggest coercion was that the police repeatedly asked her the same question and she finally "told them what they wanted to hear."  However, the testimony at the hearing made clear that to the extent there was any repetition in the questions posed to Defendant, it was done to clarify her answers and to ensure her story was understood.  Further, the only repeated questioning occurred as part of a polygraph examination which Defendant admitted

she knew she had the right to terminate at any time.  Thus, the evidence at the hearing is that Defendant voluntarily made both statements.

Even were the Court to accept Defendant's argument that she was in custody at the time the second statement was made, the result would be the same.  The evidence offered at the hearing was that Defendant executed a waiver of her Miranda[*] rights and that that waiver was voluntary.  The Supreme Court has stated that an initial inquiry into questions of voluntariness must focus on the coercive tactics of law enforcement.  See Colorado v. Connelly, 479 U.S. 157 (1986).  The testimony established that no threats, promises, or any type of coercion were utilized prior to Defendant's waiver of rights.  As noted above, in the absence of evidence of coercive police activity, there can be no finding that the statement was not voluntary.  Connelly, 479 U.S. at 167.  Further, when measured against the Tenth Circuit's standard for evaluating voluntariness it is clear Defendant acted of her own free will.

> In determining whether a particular confession is coerced, we consider the following factors:  (1) the age, intelligence, and education of the defendant; (2) the length of the detention; (3) the length and nature of the questioning; (4) whether the defendant was advised of her constitutional rights; and (5) whether the defendant was subjected to physical punishment.  See Schneckloth v. Bustamonte, 412 U.S. 218, 226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973).  The determination of voluntariness is based on the totality-of-the-circumstances; none of the single factors listed above is determinative.  Id.  Accordingly, this court must be mindful of all of the circumstances surrounding a defendant's interrogation, including the particular defendant's characteristics.  See id.

---

[*] Miranda v. Arizona, 384 U.S. 436 (1966)

United States v. Glover, 104 F.3d 1570, 1579 (10th Cir. 1997) (citation omitted).  None of these factors weigh in favor of involuntariness.  Because Defendant's waiver of her Miranda rights was voluntary, her present challenge must fail.

For the reasons set forth herein, Defendant's Motion to Suppress Statements and for a Jackson v. Denno Hearing (Dkt. No. 46) is DENIED.

IT IS SO ORDERED this 24th day of August, 2007.


ROBIN J. CAUTHRON
United States District Judge